IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RENATA DEALEAN DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-2253-JDT-dkv |
| | ) | |
| BANK OF AMERICA, N.A.; THE BANK | ) | |
| OF NEW YORK MELLON TRUST, N.A., | ) | |
| F/K/A THE BANK OF NEW YORK; HSBC | ) | |
| BANK USA, N.A.; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC.; RUBIN LUBLIN TN, PLLC., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTIONS TO DISMISS

On April 24, 2013, the plaintiff, Renata DeAlean Dillard, ("Dillard"), a resident of Shelby County, Tennessee, filed a *pro se* complaint entitled "Complaint for Injunctive Relief, to Set Aside Foreclosure Sale, and for Declaratory Judgment." (Compl., Docket Entry ("D.E.") 1.) Dillard paid the filing fee on that same day. (D.E. 2.) Now before the court are three motions to dismiss: (1) the May 15, 2013 motion of the defendant Rubin Lublin TN, PLLC[1] ("Rubin") to dismiss the complaint as barred by the doctrine of res judicata and for failure to state a claim upon which relief can be granted, (Rubin's Mot. To Dismiss, D.E. 5); (2) the May 24, 2013 motion of the defendants Bank of America, N.A. ("BOA"), the Bank of New York Mellon Trust, N.A.

---

[1]     Rubin Lublin TN, PLLC asserts that it is incorrectly named in the complaint as Rubin Lublin, LLC. (D.E. 5 at 1 n.1.)

("BNYM"), and Mortgage Electronic Registration Systems, Inc. ("MERS") to dismiss the claims against them for failure to state a claim and pursuant to the doctrine of res judicata, (Mot. to Dismiss, D.E. 10); and (3) the May 30, 2013 motion of the defendant HSBC Mortgage Services, Inc. ("HSBC") to dismiss Dillard's complaint pursuant to the doctrines of res judicata and collateral estoppel, (HSBC's Mot. to Dismiss, D.E. 16). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim, pursuant to the doctrine of res judicata.

## I. PROPOSED FINDINGS OF FACT

Dillard filed this suit for injunctive relief to rescind a nonjudicial foreclosure of real property, located at 8821 Overlea Cove, Cordova, Tennessee 38016 ("the Property"). The complaint alleges that on February 4, 2005, Dillard entered into two loan transactions secured by the Property.[2] (Affidavit to

---

[2] When a court is ruling on a Rule 12(b)(6) motion to dismiss, it may consider any "exhibits attached [to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Dillard referred to and attached to her complaint documents that are central to her claim. Therefore, the court will consider any document attached by

Compl., D.E. 1-1 at 6.)   The original lender on the $185,520 loan was America's Wholesale Lender ("Deed 1")[3] (Deed of Trust, D.E. 1-2), and the original lender on the $46,380 loan was Countrywide Home Loans of Tennessee, Inc. ("Deed 2")[4] (Deed of Trust, D.E. 1-3).   Dillard has attached to her complaint a letter entitled "Notice of the Right to Foreclose," sent by Rubin on October 12, 2011, which notifies Dillard that "the holder of the . . . deed of trust . . . has the right to begin the process of foreclosing on the debt and may sell [the] property at public auction to satisfy the debt at any time after sixty (60) days from the date of this Notice." (Ex. J to Compl., 1-11.)[5]   The complaint alleges that

---

Dillard to her complaint, any document attached by the defendants to their motion to dismiss, and any documents recorded with the office of the Shelby County Register.

[3]   Deed 1 was recorded with the office of the Shelby County Register as Instrument No. 05038857.   Deed 1 states that MERS acts as a "nominee for [America's Wholesale Lender] . . . [and] the beneficiar [sic] under this Security Agreement." (Ex. A to Compl., D.E. 1-2.)

[4]   Deed 2 was recorded with the office of the Shelby County Register as Instrument No. 05038858.   Deed 2 was later assigned to Countrywide Home Loans, Inc. on February 21, 2007 and registered as Instrument No. 07031522.   Countrywide Home Loans Inc. assigned Deed 2 to Household Financial Center, Inc., an affiliated entity of HSBC, on May 8, 2007.   This assignment was recorded as Instrument No. 07074293.

[5]   The public records of the Shelby County Register show that MERS, the beneficiary under Deed 1, assigned Deed 1 to BNYM on August 31, 2011.   This assignment was recorded with the Shelby County Register as Instrument No. 11086391 on September 2, 2011. On October 21, 2011, BNYM appointed Rubin as substitute trustee; this assignment was recorded with the office of the Shelby

"on or about December 15, 2012, certain Defendants sent evidence to plaintiff, of a NOTICE OF ACCELERATION AND FORECLOSURE" of the Property. (Affidavit to Compl., D.E. 1-1 at 8; Ex. G to Compl., D.E. 1-8.)[6] On February 14, 2012, "certain defendants purported to execute the sale" of the Property at a public auction. (Affidavit to Compl., D.E. 1-1 at 8; Ex. H to Compl., D.E. 1-9.)[7] On February 21, 2012, BOA served Dillard with a "Move Out Agreement." (Affidavit to Compl., D.E. 1-1 at 8; Ex. I to Compl., D.E. 1-10.) The "Move Out Agreement" states that BOA has purchased the property at the public auction and offered

---

County Register as Instrument No. 11120467 on December 6, 2011. The "Notice of the Right to Foreclose" letter, sent to Dillard from Rubin, identifies two creditors: (1) BNYM, as "[a]s Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-2," and (2) BOA "as successor by merger to . . . Countrywide Home Loan Servicing." (Ex. J to Compl., 1-11.)

[6] The referenced document is a letter from Rubin stating that it represents BNYM "[a]s Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2005-2, successor in interest to the Original Lender and the creditor on the above-referenced loan." (Ex. G to Compl., D.E. 1-8.) This document identifies BNYM as the entity instituting foreclosure proceedings. (*Id.*) Additionally, the Notice of Substitute Trustee's Sale clearly identifies Deed 1 as the loan subject to foreclosure proceedings. (Ex. H to Compl., D.E. 1-9.)

[7] Exhibit G to Dillard's complaint states that the sale was to occur on January 12, 2012. (*See* Ex. G to Compl., D.E. 1-8 at 1.) The Substitute Trustee's Deed, executed on February 21, 2012, recorded as Instrument No. 12022042, states that the January 12, 2012 foreclosure sale was postponed to February 14, 2012. This document states that the trustee sold the Property to BNYM.

to pay Dillard $3500 if she vacated the property on or before March 22, 2012. (Ex. I to Compl., D.E. 1-10.)

The complaint further alleges that:

- Defendants operating in commerce are bound by their oaths and have a fiduciary responsibility to act in good faith and to maintain the public trust.

- [D]efendants engaged in a well-orchestrated and convoluted scheme of assignments and breaches of trust, affording defendants an unfair commercial advantage over plaintiff, by rewarding certain defendants [sic] financial benefits beyond agreed upon terms of plaintiff's promissory note and without full disclosure to plaintiff prior to signing the note.

- Upon plaintiff's reasonable knowledge and belief, plaintiff later learned she was fraudulently induced by the Trustee at closing, to enter into two unilateral contracts called the Deeds of Trust, making AMERICAN WHOLESALE LENDER, the original lender, the beneficiary, in violation of relevant Universal Commercial Code and contract law, as the document contains plaintiff's signature, but does not contain the signature of a trustee or other authorized official. . . . [P]laintiff, as GRANTOR, revoked the Deed of Trust on her first mortgage, for lack of proper acknowledgment. Plaintiff has recently learned she was fraudulently induced to believe the contract offered by AMERICA'S WHOLESALE LENDER through the trustee was in good faith, and in her best interest, when in fact it symbolized plaintiff's *detrimental reliance* on the aforementioned intentional misdeeds of the mortgage lender and trustee.

- [D]efendants engaged in a breach of the public trust under the doctrine of *promissory estoppel*. Plaintiff alleges . . . she was fraudulently induced to enter in, what was presented to be a long-term contractual relationship with AMERICA'S WHOLESALE LENDER, when in fact said "lenders" sole purpose was to prepare the package the loan for approval. It is unconscionable for plaintiff to knowingly and voluntarily enter into a "bait and switch" contract

to open herself to a contractual relationship with unknown or unidentified parties, whose business ethics or reputations would preclude them from plaintiff's desire to contract; for which have now become the subject of this complaint.

- Defendants overtly or by association have denied plaintiff her administrative due process. Plaintiff sees no evidence of a sworn statement made by any employee or authorized representative for defendants, that state when the alleged default occurred and what steps were taken by defendants to resolve such alleged default.

- Plaintiff sees no evidence of due process afforded her in the non-judicial foreclosure and sale of property, in violation of the Fourth and Fourteenth Amendments. Plaintiff's property was taken without trial by her peers in violation of the Seventh Amendment.

- Defendants willfully and maliciously executed an unlawful foreclosure against plaintiff's property. . . . Plaintiff sees no evidence of her agreement or consent, giving the Trustee the authority to proceed with the sale or foreclosure.

- [D]efendants are in breach of the *doctrine of reliance*, breach of trust, and breach of contract, which placed plaintiff in an unfair subordinate circumstance as a customer of the defendant banks and trustee, as they are guilty of . . . committing securities fraud for the intentional lack of full disclosure of the foregoing relevant facts at the time of sale. Specifically, plaintiff avers she was not fully informed that her thirty (30) year contract with AMERICAN WHOLESALE LENDER, which was by design only to be a temporary relationship with same, in direct contradiction to the terms of the original note and deed for trust. Further, plaintiff was not informed that her contracts with same were subject to be traded in the aforementioned REMIC, under the trusteeship of BNYM for the benefit and unjust enrichment of unnamed parties without consideration to plaintiff.

- Plaintiff avers defendants provide no evidence of being the real party of interest, other than hearsay

and therefore lacked standing to foreclose on
plaintiff's property. . . . Plaintiff has seen no
verified evidence defendants were in possession of
said note at the time her mortgage loan was
foreclosed, and therefore lacked the authority or
standing to foreclose. . . . Plaintiff avers she has
seen no evidence, defendant BOA, a debt collector
was the holder in due course of the promissory note,
with authority to foreclose against Plaintiff.

(Affidavit to Compl., D.E. 1-1 at 5-12.)

The complaint sets forth the following causes of action:
(1) violation of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 *et seq.*, (2) fraud in the factum,
(3) fraud of misrepresentation, (4) fraud by lack of full
disclosure of the true nature of the promissory note and deeds
of trust, (5) violation of the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, (6) mail
and wire fraud, (7) breach of contract, (8) detrimental
reliance, (9) promissory estopppel, and (10) breach of fiduciary
responsibility. (Affidavit to Compl., D.E. 1-1 at 5.)

Notably, this is the second of two actions brought by
Dillard in relation to the foreclosure sale. On March 5, 2012,
Dillard filed a *pro se* complaint entitled "Verified Complaint
for Emergency Injunctive, Declaratory Relief and Demand for Jury
Trial," in the federal district court for the Western District
of Tennessee, docketed as Case No. 2:12-cv-02182-STA-dkv. Named
as defendants in that suit were Rubin, BOA, BNYM, and HSBC. *See*
Complaint, Dillard v. Rubin Lublin Suarez Serrano, et al., No.

2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 5, 2012), ECF No. 1. That suit (hereinafter *Dillard I*) was an action to rescind the nonjudicial foreclosure of real property, located at 8821 Overlea Cove, Cordova, Tennessee 38016, the same property that is the subject of the present action. The facts that Dillard alleges in the *Dillard I* complaint are identical to those alleged in the present complaint. The court in *Dillard I* considered the following claims from that complaint: (1) FDCPA violation, (2) RICO violation, (3) violation of Title 47 of the Tennessee Code, (3) violation of Section 3-305(a) of the Uniform Commercial Code, (4) mail and wire fraud, (5) fraud in inducement, (6) National Bank Act ("NBA") violation, (7) lack of standing to foreclose Property, (8) failure of consideration, (9) common law fraud, and (10) fraud based on failure to disclose. *See* Complaint, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 5, 2012), ECF No. 1 & Order Granting Motion to Dismiss, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 1, 2013), ECF No. 46.

BOA and BNYM filed a motion to dismiss the complaint in *Dillard I* for failure to state a claim, which motion was granted by United States District Judge S. Thomas Anderson ("Judge Anderson") in an order dated March 1, 2013. *See* Order Granting Motion to Dismiss, Dillard v. Rubin Lublin Suarez Serrano, et

al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 1, 2013), ECF No. 46. HSBC also filed a motion to dismiss for failure to state a claim, which motion was also granted by Judge Anderson in an order dated March 28, 2013. *See* Order Granting Motion to Dismiss, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 28, 2013), ECF No. 50. The claims against Rubin were dismissed due to voluntary nonsuit on March 27, 2013. *See* Judgment in Accordance with the Notice of Voluntary Non-Suit, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 27, 2013), ECF No. 49.

## II. PROPOSED CONCLUSIONS OF LAW

### A.  Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is

authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Dillard's complaint states that jurisdiction of this court "is founded on the existence of a federal question" because Dillard asserts claims under the FDCPA & RICO. (Compl., D.E. 1 at 2.) This is sufficient to confer federal-question jurisdiction on the court. The court has supplemental jurisdiction to hear the additional state-law claims asserted in the complaint, pursuant to 28 U.S.C. § 1367.

B.    Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510

(6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Res Judicata

While res judicata is affirmative defense ordinarily pled in the answer, "it is now clearly established that res judicata can also be raised by motion." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)(citations omitted). The weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata. *See, e.g.*, *Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002)(affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of res judicata"); *Thompson v. U.S., Small Bus. Admin.*, 8 F. App'x 547, 549 (6th Cir. 2001)(affirming failure-to-state-a-claim dismissal that was based on res judicata); *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985)(per curiam)(affirming district court's Rule 12(b)(6) dismissal on res judicata grounds); *Link v. Sumner Cnty. Jail*, No. 3:10-CV-0235, 2010 WL

1138928, at *2 (M.D. Tenn. Mar. 19, 2010)("Because the plaintiff's claims are barred by the doctrine of *res judicata*, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.").

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979)(internal quotation marks, ellipses & citation omitted). "Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*

To apply the doctrine of res judicata, or claim preclusion, four elements must be satisfied: (1) the first action must result in a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have litigated in the first action; (4) an identity of the causes of action between the first and the second actions. *Allen*, 449 U.S. at 94; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

For purposes of res judicata, privity "means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods.,* 973 F.2d at 481 (citation omitted). "[A] perfect identity of the parties is not required, only 'a substantial identity of interests' that are adequately presented and protected by the first litigant." *Vanmeerbeeck v. M & T Bank*, No. 2:12-CV-11980, 2012 WL 2943400, at *4 (E.D. Mich. July 18, 2012)(citation and internal quotation marks omitted); *see also Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir. 1981)(stating that privity is "a shorthand designation for those persons who have a sufficiently close relationship with the record parties to be bound by the judgment")(internal quotation marks omitted)).

In particular, "[t]he test for privity among the parties is met when the parties stand in an employer-employee relationship." *LG Sciences, LLC v. Putz*, No. 11-CV-10830, 2012 WL 1094336, at *5 (E.D. Mich. Mar. 30, 2012), *aff'd*, 511 F. App'x 516 (6th Cir. 2013)(citing *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010)). "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship." *Jefferson v. Ferrer, Poirot, & Wansbrough*, No. 3:10-0754, 2011 WL 3025894, at *4 (M.D. Tenn. July 25, 2011)(internal quotation marks omitted)(citing *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999-1000 (6th Cir. 2009)). Also, for res judicata purposes, privity exists between a party and its attorneys. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000)(finding that the "law firm defendants appear by virtue of their activities as representatives" of their clients, and thus there was privity between them).

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009)(citing *Holder v. City of Cleveland*, 287 F. App'x 468, 470-71 (6th Cir. 2008)(internal quotation marks

omitted).  Moreover, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later."  *Holder*, 287 F. App'x at 471 (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)).  "[T]he term 'same cause of action' can encompass claims . . . that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding."  *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009)(citing *Brown v. Felsen,* 442 U.S. 127, 131 (1979)(internal quotation marks omitted).

    1.   *BOA's, BNYM's, and MERS's Motion to Dismiss*

BOA, BNYM, and MERS assert in their combined motion to dismiss that the complaint is barred by claim preclusion and issue preclusion and fails to state a claim upon which any relief can be granted."  (Mem. in Supp. of Mot. to Dismiss, D.E. 10-2 at 1.)  For the reasons that follow the March 1, 2013 decision of Judge Anderson, dismissing *Dillard I*, is entitled to res judicata effect.

As to the first prong, the federal district court for the Western District of Tennessee is a court of competent jurisdiction.  Jurisdiction was proper before the court pursuant to 28 U.S.C. § 1331.  Further, Judge Anderson's order,

dismissing the claims as to BOA and BNYM, is a final judgment on the merits. "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004)(citation and internal quotation marks omitted)). Additionally, Judge Anderson's decision is final because Dillard did not timely appeal that decision. Rule 4 of the Federal Rules of Appellate Procedure state that "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Because Dillard did not timely appeal the March 1, 2013 order, the order issued by Judge Anderson dismissing the case on the merits is a final order.

The second prong of the res judicata defense is also satisfied. All the parties are the same in both suits with the exception that MERS was not named as a defendant in the first suit. BOA, BNYM, and MERS maintain that MERS is in privy with BOA and BNYM, thus, satisfying the third prong. (Mem. in Supp. of Mot. to Dismiss, D.E. 10-2 at 3.) Here, MERS was the nominee of the lender and beneficiary of Deed 1, and on August 31, 2007, MERS assigned Deed 1 to BNYM.[8] (*See* Ex. A to Compl., D.E. 1-2.) BNYM thus acquired MERS's interest in the property,

---

[8] This document reflecting this assignment is recorded with the Shelby County Register as Instrument No. 11086391 on September 2, 2011.

and privity exists between the two parties. *See, e.g.*, *Vanmeerbeeck*, 2012 WL 2943400 at *4 (holding that there was privity between MERS and M & T due to MERS's assignment of mortgage to M & T); *Middlebrook v. Mortg. Elec. Registration Sys., Inc.*, No. 11-10612, 2011 WL 6934233, at *4 (E.D. Mich. Dec. 30, 2011)(holding that there was privity between MERS and U.S. Bank due to MERS's assignment of the mortgage at issue to U.S. Bank); *Harris-Gordon v. Mortg. Elec. Registration Sys.*, No. 3:09-CV-02700, 2010 WL 3910167, at *3 (N.D. Ohio Oct. 4, 2010)(finding that MERS and another defendant to whom MERS transferred the note and mortgage were in privity as the latter acquired the former's interest in the subject of the action).[9]

As to the third requirement, the present action raises the same issues that were litigated or that should have been litigated in *Dillard I*. Both actions arise out of the same transaction, i.e., the nonjudicial foreclosure of the Property. All the factual allegations and issues raised in the *Dillard I* complaint are contained, almost verbatim, in the present

---

[9] Even if the court were to assume that MERS is not in privity with BNYM, the complaint does not state a plausible claim against MERS. The complaint purports to state nineteen paragraphs of factual allegations; however, most are not factual allegations but legal conclusions without any factual or legal basis. (*See* Compl., D.E. 1.) Furthermore, nowhere in the complaint does Dillard raise any claims specifically against MERS or allege facts that could plausibly give rise to such a claim. (*Id.*)

complaint.  There are no other issues raised in the present complaint that do not pertain to the foreclosure proceedings.

The fourth prong of the res judicata defense is also satisfied.  The additional claims that Dillard purports to assert are breach of contract, detrimental reliance, promissory estopppel, and breach of fiduciary responsibility.  These claims are based on the events leading up to and following the foreclosure of the Property.  The facts upon which these claims are based were available to Dillard when she instituted *Dillard I*, and the facts and evidence necessary to sustain each action are identical.  Because the additional claims spring out of the same facts, they should have been asserted in *Dillard I*, and Dillard is now barred from asserting additional claims in her present complaint.

Accordingly, this court recommends dismissal of Dillard's claims against BOA, BNYM, and MERS as barred by the doctrine of res judicata.

2.  *HSBC's Motion to Dismiss*

On May 8, 2007, Countrywide Home Loans assigned Deed 2 to Household Financial Center, Inc, an affiliated entity of HSBC.[10] On March 5, 2012, Dillard named HSBC as a defendant in *Dillard I*.  *See* Complaint, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 5, 2012), ECF

_____

[10]  The corporate assignment was recorded with the office of the Shelby County Register as Instrument No. 07074293.

No. 1.   In an order dated March 28, 2013, Judge Anderson dismissed the claims against HSBC for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). *See* Order Granting HSBC's Mot. to Dismiss, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 28, 2012), ECF No. 50.   On April 24, 2013, Dillard commenced the present action against HSBC.   (Compl., D.E. 1.) HSBC moved to dismiss Dillard's claims pursuant to res judicata. (HSBC's Mot. to Dismiss, D.E. 16-1 at 4.)   For the reasons that follow, the court recommends that Dillard's claims against HSBC be dismissed pursuant to the doctrine of res judicata.

The suit against HSBC is barred by res judicata because all four prongs of the doctrine are satisfied.   As to the first prong, Judge Anderson's judgment rendered on March 28, 2013 was a final judgment on the merits.   *See* analysis *supra* Part C.1. As to the second prong, Dillard and HSBC, the parties in this action, were both parties in *Dillard I*.   The issues and claims raised in the present complaint all relate to the same transaction alleged in *Dillard I*.   To the extent that Dillard raises additional claims, they are barred because they should have been asserted in *Dillard I*.   *See* analysis *supra* Part C.1.

Therefore, the court recommends that HSBC's motion to dismiss be granted pursuant to the doctrine of res judicata.

3.   *Rubin's Motion to Dismiss*

Rubin was appointed as substitute trustee by BNYM on October 21, 2011, which appointment was recorded with the office of the Shelby County Register on December 6, 2011, as Instrument No. 11120467. On December 15, 2011, Rubin sent Dillard a "Notice of Acceleration and Foreclosure," notifying her that Rubin was initiating foreclosure proceedings on behalf of BNYM. (*See* Ex. G to Compl., D.E. 1-8.) On February 21, 2011, following foreclosure proceedings, Rubin conveyed the Property to BNYM via "Substitute Trustee's Deed," recorded as Instrument No. 12022042.

This is Dillard's second attempt to bring claims against Rubin. On March 5, 2012, Dillard filed claims against Rubin in *Dillard I*. *See* Complaint, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 5, 2012), ECF No. 1. On March 1, 2013, Judge Anderson ordered Dillard to show cause why she had taken no steps to prosecute her claims against Rubin. *See* Order to Show Cause, Dillard v. Rubin Lublin Suarez Serrano, et al., No. 2:12-cv-02182-STA-dkv (W.D. Tenn. Mar. 1, 2013), ECF No. 47. In response to this order, Dillard filed a voluntary nonsuit, *id.*, ECF No. 48, which was granted by Judge Anderson on March 27, 2013, *id.*, ECF No. 49. On April 24, 2013, Dillard filed a second suit against Rubin. (Compl., D.E. 1.) On May 15, 2013, Rubin moved to

dismiss Dillard's claim asserting that the "entire action is barred by the doctrine of res judicata." (D.E. 5-1 at 6.)

Judge Anderson's order granting the voluntary dismissal of the claims against Rubin is not a judgment on the merits for purposes of res judicata. *See* FED. R. CIV. P. 41(a)(1). Therefore, that judgment does not preclude Dillard's claims against Rubin. However, Judge Anderson's March 1, 2013 judgment, dismissing Dillard's claims against BNYM, precludes Dillard from asserting any claims against Rubin. As to the first prong, the judgment rendered on March 1, 2013 as to BNYM was a final judgment on the merits. *See supra* Part C.1. As to the second prong, BNYM appointed Rubin as substitute trustee Deed 1, "to secure the payment of certain debts and obligations as described in [Deed 1]."[11] As such, Rubin was an employee or agent of BNYM, which was a party to the previously adjudicated lawsuit. The claims alleged against BNYM were within the scope of the agency relationship between Rubin and BNYM because they are all related to Rubin's actions as trustee of Deed 1. Therefore, Rubin is in privity with BNYM for purposes of res judicata. As to the third and fourth prongs, Dillard has not alleged any other issues or asserted any claims that are unrelated to the nonjudicial foreclosure of the Property. Any additional claims in the present suit arise from the same

---

[11] This appointment was recorded with the office of the Shelby County Register on December 6, 2011, as Instrument No. 11120467.

factual assertions alleged in her *Dillard I* complaint and should have been raised in that complaint. Therefore, the March 1, 2013 judgment rendered by Judge Anderson dismissing the claims against BNYM has preclusive effect as to Dillard's current claims against Rubin.

It appears that Dillard, discontented with the judgment of the first suit, is merely using the present suit to relitigate what has already been determined. Accordingly, this court recommends dismissal of Dillard's claims against all defendants as barred by the doctrine of res judicata.[12]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Dillard's complaint be dismissed as to all defendants because it is barred by the doctrine of res judicata.

Respectfully submitted this 1st day of August, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

---

[12] Any arguments that Dillard may have about the decisions in the original lawsuit should have been made in that case, either at the district court level or on appeal. *See, e.g.*, *Quality Measurement Co. v. IPSOS S.A.*, 56 F. App'x 639, 634 (6th Cir. 2003)("RSC is essentially arguing that it should get a new trial simply because the first one was not fair . . . . The purpose of res judicata is to preclude exactly this sort of case; parties cannot relitigate an issue or claim simply because they believe the court or jury reached an incorrect result in the first case. The law provides finality to the parties by insisting they raise complaint about litigation while the case is pending. RSC should have raised the issue of unfairness in the first action, and it may not do so now.").

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.